# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN BARTOS<br>2395 Pineview Drive<br>Malvern, PA 19355 | CIVIL ACTION |
| Plaintiff, | No. _____ |
| v. | |
| SIGNATURE SYSTEMS INC.<br>760 Veterans Circle<br>Warminster, PA 18974<br>and<br>RAYMOND FLYNN<br>760 Veterans Circle<br>Warminster, PA 18974<br>and<br>CHRISTOPHER MCNUTT<br>760 Veterans Circle<br>Warminster, PA 18974<br>and<br>MIKE REINECKER<br>760 Veterans Circle<br>Warminster, PA 18974 | **JURY TRIAL DEMANDED** |
| Defendants. | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Brian Bartos (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.). Plaintiff asserts herein that he was not paid overtime compensation in accordance with the FLSA and that he was terminated unlawfully for protective activities under

the FLSA. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Signature Systems, Inc. (hereinafter referred to as "Defendant SS") is a Pennsylvania-based, domestic profit company. Defendant SS is a privately held company generating in excess of $9,000,000.00 in gross revenues per year.

8. Raymond Flynn (hereinafter referred to as "Defendant Flynn") is the owner, primary shareholder, and president of Defendant SS.

9. Christopher McNutt (hereinafter referred to as "Defendant McNutt") has been and remains the Installation manager for Defendant SS.

10. Mike Reinecker (hereinafter referred to as "Defendant Reinecker") has been and remains the Director of Sales for Defendant SS.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by Defendant SS in or about mid-August 2015; and in total, Plaintiff was employed with Defendant for a little less than 3 years (being terminated in May of 2018).

14. Plaintiff was hired as an Installation Technician, and this was the only position he held during his entire approximate 3-year tenure. Plaintiff's job duties varied at times; as discussed *infra*, but his overall job position remained the same.

15. Defendant SS, by and through its highest levels of management, has knowingly refused to pay its employees overtime compensation with direct knowledge that such refusal and/or failure is unlawful. Instead, Defendant SS has ostensibly determined it is more profitable to pay its employees illegally despite periodic lawsuits for overtime violations.

16. The federal (Eastern District of Pennsylvania) court docket alone, available to the general public, shows Defendant SS has been sued on at least 3 prior occasions for overtime violations in the same and/or similar roles in which Plaintiff worked. *See e.g. Patricelli v. Signature Systems, et. al.*, Docket No.: 13-01571; *Grahn v. Signature Systems, et. al.*, Docket No. 13-05629; *Banz v. Signature Systems et. al.*, Docket No. 13-06436.

17. As an Installation Technician, Plaintiff was hired at a starting salary of in or about $28,000.00 per annum. By the end of Plaintiff's approximate 3-year period of employment, his annual salary was in or about $31,000.00 per annum. Plaintiff also received some commission(s) which added typically several thousand dollars to his annualized income (making it more in the range of $33,000.00 to $35,000.00 per year).[1]

18. In almost every week Plaintiff was employed, he exceeded 40 hours per workweek. Plaintiff often averaged 50-70 hour work-weeks for Defendant SS.

19. Plaintiff was <u>never</u> compensated for any overtime. Plaintiff was also never given any form of additional compensation when he worked beyond 40 hours per workweek.

20. The position of Installation Technician has and remains an entry-level job (a no experience-required role). Upon hire, for this position:

    (a) Plaintiff was 23 years old;

    (b) Plaintiff had no prior work experience in computers or software utilized by Defendant SS;

    (c) Plaintiff had no certifications or degrees in computers or software; and

    (d) Plaintiff had no experience doing anything related to general services offered by Defendant SS to third parties.

---

[1] For the purposes of calculating overtime, such commissions *are to be included* in the overtime rate. FLSA regulations are very clear that incentive plans, commissions, or non-discretionary bonuses *must* be included within the overtime calculations. *See* 29 C.F.R. § 778.200, 29 C.F.R. § 778.208 and 29 C.F.R. § 778.117.

21. Anything Plaintiff needed to know in performing his job as Installation Technician he merely learned on the job.

22. Defendant SS operates as a company that sells, installs and provides support for software, hardware and other electronics that are used in the hospitality industry. More specifically, Defendant SS helps third-party businesses establish, train on, and use what are often referred to as point-of-sale ("POS") tools and equipment. These types of computer devices for example would be what a customer would expect to see a cashier at a fast-food restaurant entering their orders into that would be thereafter disseminated to the kitchen (and used for sales transactions).

23. As an Installation Technician, Plaintiff's generally:

   (a) Traveled all over the United States as requested to different third-party sites, usually restaurant chains, and provide general on-site training, troubleshooting, and resolution to system errors; and

   (b) Worked from Defendants' Warminster physical premises providing help-desk support (via phone or otherwise) to third-parties with questions, training needs or other issues.

24. When meeting with third-party businesses, Plaintiff was able to perform general system demonstrations, to provide general training, and to help resolve general questions. However, for any in-depth or complex computer problem with the POS system, Plaintiff served as a calming in-person buffer to illustrate SS's overall level of intended support while Plaintiff himself was walked through different repairs or solutions by programmers, engineers or other high-level computer personnel working within Defendant's in-office support unit.

25. Towards the end of Plaintiff's period of employment with Defendant SS, he felt the need to express concerns and overall dissatisfaction with his non-payment of overtime, the

tremendous hours he was working, and the fact that in light of Plaintiff not getting any overtime he had not even received any recent performance evaluations or pay increases. More specifically:

(a) Plaintiff had referenced concerns of non-payment of overtime to Defendant McNutt on at least 5-7 occasions;

(b) Plaintiff had discussed with Defendant McNutt that there had been past lawsuits for non-payment of overtime to employees similar to Plaintiff amongst Plaintiff's concerns of non-payment of overtime; and

(c) In an effort to escalate his concerns of non-payment of overtime, Plaintiff e-mailed Defendants McNutt and Reinecker seeking *a specific* exemption and reason why he was not being paid overtime on or about March 9, 2018.

26. In sum, Plaintiff expressed concerns of non-payment overtime on multiple occasions in his last several months of employment. This was clearly protected activity under the FLSA. *See e.g. Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015)(an oral concern to an employer about unpaid overtime is legally-protected activity under the statute), citing, *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011). And Plaintiff was terminated in retaliation for his protected activities, discussed more *infra.*

27. Defendants in fact documented that *the sole reason* Plaintiff was not being paid overtime compensation was because Defendants *"classified [him] as a computer professional."* This was memorialized in a March 2018 e-mail response to Plaintiff.

28. In March of 2018 by attempting to mislead Plaintiff that he was somehow exempt from overtime under what is commonly referred interchangeably as the "computer professional" or "computer employee" exemption, Defendants in fact conceded they were illegally failing to pay Plaintiff overtime compensation. This was conceded because:

(a) Only the FLSA provides an exemption from overtime for computer professionals or computer employees, as it is universally recognized that the Pennsylvania Minimum Wage Act ("PMWA") provides greater protections to employees.

6

 (b) There is <u>no exemption</u> allowing an employer to avoid paying overtime compensation to Pennsylvania employees under the PMWA, as there is within the FLSA. *See e.g.* Pennsylvania Department of Labor Guidance, at http://www.dli.pa.gov/Individuals/Labor-Management-Relations/llc/minimum-wage/Pages/Overtime-Rules-in-Pennsylvania.aspx (explaining distinctions between the FLSA and PMWA: "For example, the Federal rules do not require overtime for computer employees. However, Pennsylvania law currently requires overtime for computer employees.").

 (c) Defendants have known for many years that there is no computer exemption from overtime compensation for employees under the PMWA but continue to intentionally mislead employees that they are somehow exempt from overtime.

29. Not only did Defendants concede liability under the PMWA by stating the sole reason Plaintiff was not paid overtime was because of an exemption that does not exist under state law, Defendants also knowingly and falsely asserted to Plaintiff that he was exempt under the FLSA because:

 (a) The computer professional exemption under the FLSA is embodied in 29 U.S.C. § 213(a)(17).

 (b) The 213(a)(17) exemption applies ***only to*** computer professionals who: (a) are for example engineers or programmers; and (b) have the "primary duty" of for example "programming," "design," creation of software testing specifications, and/or who alter computer operating systems. Plaintiff did not work in these capacities.

 (c) 29 C.F.R. 541.3 outlines the required application of exemptions under 29 U.S.C. § 213(a) and explains that the professional exemption such as 213(a)(17) **does not** apply to any job where any employee learns duties through experience or on the job because the exemption requires "specialized intellectual instruction" through education in a specific field as a prerequisite to being able to perform the job (giving many examples of professions such as electricians who are not exempt because they learn on the job how to perform their role(s)).[2]

---

[2] *See e.g. Bagwell v. Fla. Broadband, LLC*, 385 F. Supp. 2d 1316, 1328 (S.D. Fla. 2005)("Employees who qualify for the computer professional exemption are highly-skilled in computer systems analysis, programming, or related work in software functions" . . . [and] "before a particular position can qualify as one which climbs to the level of the professional exemption of section 213(a), the duties of that position **must call for a person who is in a learned profession with at least a college degree in a specialized type of learning**.")(Emphasis added).

7

(d) People working for employers performing general information technology services, computer maintenance, or other help-desk work are not exempt under the FLSA.[3]

30. Defendants' knowing violations of state and federal laws are evidenced by: (a) past litigation; (b) attempts to mislead employees such as Plaintiff with a completely false exemption that does not even apply under state law; and (c) by Defendants' intentional failure to maintain any time-keeping records, punch-in or punch-out logs, or other data on minutes or hours worked by employees such as Plaintiff.[4]

31. Plaintiff's termination from his employment closely followed concerns of unpaid overtime to Defendants, followed animosity against Plaintiff for questioning his overtime classification, and Plaintiff was terminated for a completely pretextual reason. Specifically:

(a) Plaintiff called out of work sufficiently in advance of his work shift on or about May 10, 2018 in the same manner he had done so in prior years;

(b) Plaintiff was terminated by Defendants for allegedly "having too many call outs;"

---

[3] *See e.g. Siegel v. Bloomberg L.P.*, 2015 WL 223781, at *1 (S.D.N.Y. 2015)(granting summary judgment to IT employees providing computer support as they are non-exempt under the FLSA); *Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 982 (W.D. Tenn. 2011)(Neither party asserting that "Installation Technicians" can possibly be exempt under the FLSA and court ordering trial on damages only); *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 576 (6th Cir. 2004)(requiring district court to grant summary judgment in favor of plaintiffs who were computer technicians and IT Support Specialists providing troubleshooting and doing computer maintenance because these duties are not exempt under the FLSA); *Berg v. United States*, 49 Fed. Cl. 459 (Fed. Cl. 2001)(electronics technicians who repair computer equipment are not exempt from overtime under the FLSA); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307 (D.N.J. 2006)(Collective action settlement on behalf of technicians working for Sears approved); *Pignataro v. Port Auth.*, 2006 U.S. Dist. LEXIS 5447 (D.N.J. 2006)(holding well-trained helicopter technicians are not exempt from the FLSA, granting summary judgment in favor of Plaintiff); *Davis v. Footbridge Eng'g Servs., LLC*, 2011 U.S. Dist. LEXIS 93645 (D. Mass. 2011)(employees performing technology services were not exempt under FLSA as they didn't meet computer exemption and thus Court approved class settlement); Richards v. Computer Scis. Corp., 2004 U.S. Dist. LEXIS 19638 (D. Conn. 2004)(certifying class action for help desk analysts as they are not exempt under FLSA).

[4] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004)

8

(c) To the contrary, Plaintiff very infrequently called out and certainly did so less than other employees not terminated;

(d) All but approximately 2 of Plaintiff's days off from work were covered by his allotted Paid Time Off ("PTO") days; and

(e) Plaintiff had never once been warned, counseled or disciplined in any manner progressively or otherwise for any issue including days off prior to his concerns of overtime and misclassification.

32. Plaintiff has and remains owed in excess of $50,000.00 in overtime compensation under the FLSA, and he was terminated in retaliation for protected activities under the FLSA (causing him economic losses going forward as well).

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
### (Wrongful Discharge)
### - Against All Defendants -

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was terminated from Defendants for expressing concerns of unpaid overtime compensation.

35. Defendants Flynn, Reinecker and McNutt are personally liable because they orchestrated the retaliatory termination of Plaintiff because of his protected activities. These same individual defendants perpetuated and/or knowingly allowed an unlawful overtime compensation to exist while simultaneously lying to employees to quell concerns (despite having the authority to remedy such illegalities).

36. Plaintiff's discharge from Defendants for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v.*

*White & Son Enters.*, 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson*, 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 181 (8th Cir.1975).

### Count II
### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Compensation
### - Against All Defendants -

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Defendants did not pay Plaintiff at a rate of time and one half for hours he worked beyond 40 hours per week.

39. Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation.[5]

40. Plaintiff therefore seeks all remedies permitted under the FMLA for unpaid overtime compensation, as well as penalties and interest.

---

[5] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

## Count III
## Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Compensation)
### - Against All Defendants -

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded liquidated or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.    Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Ari R. Karpf*

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 18, 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Brian Bartos | CIVIL ACTION |
| v. | |
| Signature Systems Inc., et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| 5/18/2018 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2395 Pineview Drive, Malvern, PA 19355

Address of Defendant: 760 Veterans Circle, Warminster, PA 18974

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/18/2018 _____ Attorney-at-Law _____ ARK2484 Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/18/2018 _____ Attorney-at-Law _____ ARK2484 Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BARTOS, BRIAN

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
SIGNATURE SYSTEMS INC., ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | [X] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)
Brief description of cause:
Violations of the FLSA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/18/2018
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

[Print]  [Save As...]  [Reset]